# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RONDALE D. TENNER,<br><br>                    Plaintiff,<br>v.<br><br>SHERRIFF DAVID CLARKE,<br><br>                  Defendant. | Case No. 18-CV-232-JPS<br><br>**ORDER** |

Plaintiff, who is incarcerated at Green Bay Correctional Institution ("GBCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $10.67. 28 U.S.C. § 1915(b)(4).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327;

*Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he was temporarily housed at the Milwaukee County Jail (the "Jail") from January 18 to January 23, 2018 in order for him to attend court proceedings in Milwaukee. (Docket #1 at 2). On or around January 20, the toilet broke and "overflowed with urine and feces." *Id.* He complained about the problem to a correctional officer sometime during the first shift. *Id.* The officer, whose last name is Jackson, said he would email the Jail's plumber. *Id.* Plaintiff asked to be moved to a different cell at this time but was refused even though vacant cells were available in the same housing unit. *Id.* at 3.

Plaintiff reports that he became ill as a result of these unsanitary conditions. *Id.* Further, he was unable to use the toilet or maintain his hygiene because the water in the cell had been shut off. *Id.* He asked to speak with a supervising officer in the housing unit and was seen later during the second shift on January 20 by another correctional officer, Velez. *Id.* Velez informed Plaintiff that all he could do to address the issue was to contact the maintenance department. *Id.*

Later that day, Plaintiff slipped and fell in the feces on the floor of his cell. *Id.* This prompted him to again ask for a change of cell. *Id.* A third correctional officer, Williams, spoke with Plaintiff and told him she would

email the plumber. *Id.* Plaintiff does not report when, if ever, the plumber fixed or attempted to fix the toilet. *See id.* He does allege that he was forced to endure these conditions for three days, apparently until his transfer back to GBCI on January 23. *See id.* Plaintiff was seen in the health services unit at GBCI on January 29 for treatment of the illness he developed because of the unsanitary conditions at the Jail. *Id.*

Plaintiff does not identify what claims he seeks to assert based on these facts. The Court can discern only one potential claim: inadequate conditions of confinement, in violation of the Eighth Amendment. A conditions-of-confinement claim requires the plaintiff to prove that a prison official displayed deliberate indifference to conditions "sufficiently serious" so as to constitute "'the denial of the minimal civilized measure of life's necessities.'" *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Of course, "provid[ing] a maximally safe environment, one completely free from pollution or safety hazards," is not required by the Constitution. *Caroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001). But at this early stage, the Court finds it appropriate that such a claim may proceed on Plaintiff's alleged facts.

However, the Court must amend Plaintiff's complaint *sua sponte* as to naming the proper defendants. Plaintiff has not named as defendants Jackson, Velez, and Williams, the correctional officers involved in the relevant events. Instead, he has only named David Clarke ("Clarke"), the former Milwaukee County Sheriff. Although Clarke oversaw the Jail's functioning at a high level, he cannot be liable under Section 1983 simply because he supervised employees who committed misconduct absent some allegation that he condoned it or turned a blind eye toward it. *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005); *Sanville v. McCaughtry*, 266 F.3d

724, 740 (7th Cir. 2001); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1012 (7th Cir. 2000). There is no suggestion that Clarke ever knew about Plaintiff's plight or ignored an opportunity to rectify it, and so the Court must dismiss Clarke as a defendant. It will substitute in the three individual correctional officers on Plaintiff's behalf. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). Plaintiff should use the discovery tools available to him to identify these officers by their first names.

For the reasons stated above, Plaintiff will be permitted to proceed on a claim of inadequate conditions of confinement, in violation of the Eighth Amendment, against Defendants Jackson, Velez, and Williams. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant David Clarke be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Milwaukee County Jail correctional officers Jackson, Velez, and Williams be and the same are hereby **JOINED** as defendants in this action, and the Clerk of the Court should update the Court's docket accordingly;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to Milwaukee County for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Defendants shall

file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge